# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAQUAN P. JAMES,
    an individual,
        Plaintiff,

Case No. 2:23-cv-10321
Hon. Denise Page Hood

V

CITY OF DETROIT
a municipal corporation,

**AMENDED COMPLAINT AND JURY DEMAND**

BRITTANY MOSS,
City of Detroit Police Officer,
Individually, and in her Official Capacities,
and

MARKALA MOORE,
City of Detroit Police Officer,
Individually, and in her Official Capacities,
and

DEANDRE WILLIAMS,
City of Detroit Police Officer,
Individually, and in his Official Capacities,
and

DAMARIO ELLIOTT-GLENN,
City of Detroit Police Officer,
Individually, and in his Official Capacities.

ALLEN WILLIAMS,
City of Detroit Police Sargeant,
Individually, and in his Official Capacities.

    Defendants.

---

    Plaintiff, DAQUAN P. JAMES, alleges the following in his Amended

Complaint Pursuant to Rule 15a(1)B:

**INTRODUCTION**

1.     This case exemplifies the need for police reform. Individuals across the nation have marched and picketed for police reform after the George Floyd incident involving police brutality that was viewed around the world.

2.     In Memphis, the Department of Justice has launched an investigation against many police officers who beat Tyree Nichols to death on January 7, 2023.

3.     The Detroit Police is also in need of reform as illustrated in this civil complaint.

4.     Plaintiff, Daquan James' physical condition is what makes this present case so alarming. Mr. James is currently 39 years of age and considered disabled. Twelve years ago, in December of 2011, in an unrelated incident, he was shot by an unknown assailant in the abdomen and "pronounced dead." Fortunately, doctors were able to revive him. It was too risky for doctors to remove the bullet from Mr. James' abdomen, so doctors warned him to never engage in any physical activities or he could become paralyzed or die, if the bullet shifts.

 

5.     On March 21, 2022, two female undercover Detroit Police Officers gained entry to Daquan James' novelty shop posing as customers. This novelty shop was not open to the public.

6.     The Officers wanted to inspect the shop because they alleged that Mr. James was selling sex toys and hookah products without a license.

7.     Once inside, the two female officers unlocked the door for two male Detroit Police Officers to enter ***without a search warrant***.

8.     The two male officers beat Daquan James so bad that he thought he was going to die. Mr. James stated, I thought I was going to "die again."

9.     Mr. James' injuries required hospitalization.



10.     According to the Officer's police report, Officer Damario Elliott-Glenn stated that they assaulted Mr. James because he clamped down on his weapon, in which Mr. James (a Certified Pistol Holder) disputes that he never clamped down on his weapon.

11. The disturbing details of this case demonstrate that the Detroit Police Department like many other Police Departments around the nation need adequate training before this incident repeats itself or even worse another life lost.

## JURISDICTION AND VENUE

12. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, §1343, and §1367.

14. Venue is proper under 28 U.S.C. §1391 (b), as the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

15. Plaintiff, DAQUAN P. JAMES (hereinafter "PLAINTIFF"), is a resident of the County of Wayne, State of Michigan.

16. Defendant, City of Detroit (hereinafter "DETROIT"), is a municipal corporation located in the County of Wayne, State of Michigan.

17. Defendant, BRITTANY MOSS (hereinafter "DEFENDANT FEMALE ONE"), was at all relevant times a City of Detroit Police Officer and/or

employed by DETROIT, and acting under color of law and within the scope of her employment.

18. Defendant, MARKALA MOORE (hereinafter "DEFENDANT FEMALE TWO"), was at all relevant times a City of Detroit Police Officer and/or employed by DETROIT, and acting under color of law and within the scope of her employment.

19. Defendant, DEANDRE WILLIAMS (hereinafter "DEFENDANT MALE ONE"), was at all relevant times a City of Detroit Police Officer and/or employed by DETROIT, and acting under color of law and within the scope of his employment.

20. Defendant, DAMARIO ELLIOTT-GLENN (hereinafter "DEFENDANT MALE TWO"), was at all relevant times a City of Detroit Police Officer and/or employed by DETROIT, and acting under color of law and within the scope of his employment.

21. Defendant, SARGEANT ALLEN WILLIAMS (hereinafter "DEFENDANT SARGEANT"), was at all relevant times a City of Detroit Police Sargeant and/or employed by DETROIT, and acting under color of law and within the scope of his employment.

# FACTS

22. PLAINTIFF is the owner of Farm Boys Novelty Shop located at 18523 Schoolcraft Detroit, MI 48223 (hereinafter "the Shop").

23. PLAINTIFF sells novelty items at the Shop.

24. On March 16, 2022, DEFENDANT MALE TWO and Officer Earl came to the Shop to inspect the location, but PLAINTIFF refused to allow them to inspect the Shop.

25. Instead of obtaining a warrant, the DEFENDANT OFFICERS came up with a plan to gain entry to the shop.

26. On March 21, 2022, DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO, **two female Detroit Police Officers** came into the Shop in an undercover capacity acting as if they were customers.

27. The Officers wanted to inspect the shop because they alleged that Mr. James was selling sex toys and hookah products without a license.

28. PLAINTIFF was not aware that DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO were police officers at the time they entered the Shop.

29. PLAINTIFF was assisting DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO with questions regarding the products.

30. PLAINTIFF then received a telephone call from DEFENDANT SERGEANT, which distracted PLAINTIFF from assisting DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO.

31. DEFENDANT SERGEANT told PLAINTIFF in an angry tone that an inspection was going to be conducted at the Shop.

32. After PLAINTIFF ended the telephone call with DEFENDANT SERGEANT, PLAINTIFF locked the doors to the Shop so that no police officers could gain entry to the Shop to inspect without a search warrant.

33. Upon viewing the cameras, PLAINTIFF could see two male Detroit Police Officers approaching the front door, DEFENDANT MALE TWO and Officer Christian Earl (hereinafter "Officer Earl").

34. Despite the door being locked, DEFENDANT FEMALE ONE unlocked the door and allowed DEFENDANT MALE TWO and Officer Earl to enter the Shop without a search warrant.

35. PLAINTIFF still had not realized that the two females posing as customers, DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO, were actually Detroit Police Officers.

36. While DEFENDANT MALE TWO and Officer Earl were inside the Shop, the security system sounded indicating that the back door was open.

37. DEFENDANT MALE TWO and Officer Earl immediately exited the Shop and ran to the back of the Shop to determine who was exiting the Shop in the rear.

38. PLAINTIFF locked the door again when DEFENDANT MALE TWO and Officer Earl exited the Shop.

39. Despite PLAINTIFF locking the door for a second time, DEFENDANT FEMALE TWO unlocked the door again to allow the officers to re-enter.

40. PLAINTIFF finally realized that the two females posing as customers were actually Detroit Police Officers.

41. PLAINTIFF asked DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO to leave the Shop, since they did not have a search warrant.

42. DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO refused to leave and they proceeded to enter the private area of the Shop.

43. At this same time, DEFENDANT MALE TWO re-entered the Shop along with DEFENDANT MALE ONE.

44. DEFENDANT MALE ONE and DEFENDANT MALE TWO entered the private area of the Shop and began beating PLAINTIFF.

45. PLAINTIFF's friend Tony Towns (hereinafter "Mr. Towns") was brought to the area where PLAINTIFF was being beaten by DEFENDANT MALE ONE and DEFENDANT MALE TWO.

46. Mr. Towns witnessed DEFENDANT MALE ONE and DEFENDANT MALE TWO punching, kicking, kneeing, elbowing, and stomping PLAINTIFF throughout his body.

47. Mr. Towns and one of the police officers beating PLAINTIFF got into a verbal argument regarding the beating of PLAINTIFF. * Below is a summary of the verbal argument that took place between Mr. Towns and the officer:

> Mr. Towns: What is you doing?
> OFFICER: SIT DOWN…SIT DOWN SIT DOWN
> Mr. Towns: WHAT? Is he putting his hands on him dawg? Dawg what is he doing bro why is he doing that?
> Mr. Towns: That shit bold as hell
> Mr. Towns: Y'all fucked up y'all don't got no reason in here bro
> Officer: SHUT THE FUCK UP NIGGA
> Mr. Towns: YOU SHUT THE FUCK UP
> Officer: YOU A BITCH ASS NIGGA
> Mr. Towns: YOU A BITCH ASS NIGGA
> Mr. Towns: We ain't did shit up in here. Yall ain't got no business up in here

48. PLAINTIFF regards Mr. Towns' intervention with the officer as life saving as the officers may have continued the beating if not for the verbal exchange.

49. During the beating, PLAINTIFF believed that he was going to die.

50. Following the beating, PLAINTIFF was then handcuffed and brought to the front of the building and made to sit on the floor in an uncomfortable position.

*PLAINTIFF has audio tape of this verbal exchange.

51.   DEFENDANTS physical assault on PLAINTIFF required PLAINTIFF to be

hospitalized causing the following injuries:

    i.   Head Pain including migraines;

    ii.   Eye Pain including blurred vision;

    iii.   Neck Pain;

    iv.   Back Pain;

    v.   Leg Pain including numbness;

    vi.   Shoulder Pain;

    vii.   Stomach Pain; and

    viii.   Chest Pains.



52.   DEFENDANT MALE TWO admitted in his report that PLAINTIFF was

assaulted stating the following:

    i.   DEFENDANT MALE ONE delivered a strike with a closed fist to the

face of PLAINTIFF (See Exhibit 1).

ii. DEFENDANT MALE TWO delivered strikes to the head and body of PLAINTIFF (strikes included a closed fist to the head and knee strikes to the body) (See Exhibit 1).

53. Also, according to the police report, DEFENDANT OFFICERS witnessed Mr. Towns throw two brown paper bags in his vehicle while leaving out of the back of the Shop. Mr. Towns disputes these allegations and challenges DEFENDANT OFFICERS to produce their video camera that shows these allegations. DEFENDANT OFFICERS alleged that they found marijuana, oxycodone, 1 Percocet, mushrooms, and brass knuckles.

54. PLAINTIFF and Mr. Towns were charged with many weapon and drug related felonies as a result of the allegations made by DEFENDANT OFFICERS (See Exhibit 2).

55. Furthermore, DEFENDANTS removed all of PLAINTIFF's personal belongings from the Shop including the video monitoring system, which possibly captured the beating of PLAINITFF, DEFENDANT OFFICERS have failed to return these items.

56. PLAINTIFF was criminally charged in this matter, but the case was dismissed because DEFENDANTS failed to appear in court for the Preliminary Examination (See Exhibit 4).

## COUNT I:
## 42 U.S.C. §1983 EXCESSIVE FORCE
## (DEFENDANT MALE ONE and DEFENDANT MALE TWO)

57. PLAINTIFF incorporates by reference the above paragraphs.

58. As more fully described in the preceding paragraphs, the intentional conduct of DEFENDANT MALE ONE and DEFENDANT MALE TWO toward PLAINTIFF was objectively unreasonable and constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

59. As a direct and proximate result of DEFENDANT MALE ONE and DEFENDANT MALE TWO's use of excessive force, PLAINTIFF suffered injuries and damages including but not limited to physical injuries as well as emotional injuries, all past, present, and future; as well as loss of enjoyment of life, humiliation and degradation as described in preceding paragraphs which will be proven at trial.

## COUNT II:
## 42 U.S.C. §1983 FAILURE TO INTERVENE
## (DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO)

60. PLAINTIFF incorporates by reference the above paragraphs.

61. DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO violated PLAINTIFF's right to be free of excessive force.

62. DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO had a duty to intervene to prevent the use of excessive force used against PLAINTIFF by DEFENDANT MALE ONE and DEFENDANT MALE TWO.

63. DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO had a reasonable opportunity to intervene when excessive force was used against PLAINTIFF by DEFENDANT MALE ONE and DEFENDANT MALE TWO.

64. DEFENDANT FEMALE ONE and DEFENDANT FEMALE TWO failed to intervene.

**COUNT III:**
**42 U.S.C. §1983 UNLAWFUL SEIZURE**
**(DEFENDANT FEMALE ONE, DEFENDANT FEMALE TWO,**
**DEFENDANT MALE ONE, and DEFENDANT MALE TWO)**

65. PLAINTIFF incorporates by reference the above paragraphs.

66. DEFENDANT FEMALE ONE, DEFENDANT FEMALE TWO, DEFENDANT MALE ONE, and DEFENDANT MALE TWO unlawfully seized PLAINTIFF and his personal property without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

67.    As a direct and proximate result of DEFENDANT FEMALE ONE,

DEFENDANT FEMALE TWO, DEFENDANT MALE ONE, and

DEFENDANT MALE TWO's misconduct and unlawful seizure,

PLAINTIFF suffered pain and injuries not limited to emotional injuries, all

past, present, and future as well as loss of enjoyment of life, humiliation, and

degradation as described in preceding paragraphs which will be proven at

trial.


**COUNT IV:**
**42 U.S.C. §1983 UNLAWFUL SEARCH**
**(DEFENDANT FEMALE ONE, DEFENDANT FEMALE TWO,**
**DEFENDANT MALE ONE, and DEFENDANT MALE TWO)**

68.    PLAINTIFF incorporates by reference the above paragraphs.

69.    DEFENDANT FEMALE ONE, DEFENDANT FEMALE TWO,

DEFENDANT MALE ONE, and DEFENDANT MALE TWO unlawfully

searched PLAINTIFF's person and the Shop without a warrant, without

probable cause and without any other legal justification, in violation of the

Fourth and Fourteenth Amendments to the United States' Constitution.

70.    As a direct and proximate result of DEFENDANT FEMALE ONE,

DEFENDANT FEMALE TWO, DEFENDANT MALE ONE, and

DEFENDANT MALE TWO's unlawful search, PLAINTIFF suffered pain

and injuries not limited to emotional injuries, all past, present, and future as

well as loss of enjoyment of life, humiliation, and degradation as described in preceding paragraphs which will be proven at trial.

## COUNT V:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (DEFENDANT MALE ONE and DEFENDANT MALE TWO)

71.  PLAINTIFF incorporates by reference the above paragraphs.

72.  In the manner described more fully above, DEFENDANT MALE ONE and DEFENDANT MALE TWO engaged in extreme and outrageous conduct.

73.  DEFENDANT MALE ONE and DEFENDANT MALE TWO used excessive force against PLAINTIFF.

74.  DEFENDANT MALE ONE and DEFENDANT MALE TWO knew that there was a high probability that their conduct would cause severe emotional distress to PLAINTIFF as he thought he was going to die.

75.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of PLAINTIFF.

76.  As a proximate cause of this misconduct, PLAINTIFF suffered injuries including but not limited to severe emotional distress.

## COUNT VI:
## CIVIL CONSPIRACY
## (DEFENDANT SARGEANT, DEFENDANT FEMALE ONE, DEFENDANT FEMALE TWO, DEFENDANT MALE ONE, and DEFENDANT MALE TWO)

77.     PLAINTIFF incorporates by reference the above paragraphs.

78.     DEFENDANTS knew that they did not have a search warrant to enter and search PLAINTIFF's Shop.

79.     DEFENDANTS knowingly acted in concert and conspired to enter PLAINTIFF's Shop by acting as customers to allow DEFENDANTS to search the Shop.

80.     DEFENDANTS did knowingly cause the Shop to be searched without a search warrant and seized PLAINTIFF's personal property and assaulted PLAINTIFF.

81.     DEFENDANTS' concerted acts and conspiracy damaged PLAINTIFF.

82.     The above acts constitute civil conspiracy by DEFENDANTS.


## COUNT VII:
## 42 U.S.C. §1983 MUNICIPAL/SUPERVISORY LIABILITY
## (DETROIT)

83.     PLAINTIFF incorporates by reference the above paragraphs.

84.     DETROIT acted recklessly and/or with deliberate indifference when it
        practiced and/or permitted customs, policies, and/or practices that resulted in
        violations to PLAINTIFF.

85.     These customs, policies, and/or practices included but were not limited to
        the following:

        a.  Failing to supervise officers to prevent violations of citizens'
            constitutional rights;

        b.  Failing to adequately train and/or supervise officers regarding proper
            use of force;

        c.  Failing to adequately train and/or supervise officers regarding legal
            search and/or seizures;

        d.  Failing to control and/or discipline officers known to harass,
            intimidate, and/or abuse citizens;

        e.  Failing to supervise, review, and/or discipline officers whom
            DETROIT knew or should have known were violating or were prone
            to violate citizens' constitutional rights, thereby permitting and/or
            encouraging its police officers to engage in such conduct;

        f.  Failing to require compliance of its officers and/or employees with
            established policies and/or procedures and/or rules and discipline or
            reprimand officers who violate these established policies.

86. PLAINTIFF's injuries in this case were proximately caused by policies and practices of DETROIT, which, by its deliberate indifference, allows its police officers to violate the Constitutional rights of citizens without fear or any meaningful investigation or punishment. In this way, DETROIT violated PLAINTIFF's rights since it created the opportunity for the individually named DEFENDANTS to commit the foregoing Constitutional violations.

87. The misconduct described in preceding paragraphs has become a widespread practice, and so well settled as to constitute de facto policy in the DETROIT police department. This policy was able to exist and thrive because government policymakers have exhibited deliberate indifference to the problem, thereby ratifying it.

88. The widespread practices described in preceding paragraphs were allowed to flourish because DETROIT has declined to implement sufficient hiring, training, and/or legitimate and/or effective mechanisms for oversight and/or punishment of police officers' misconduct.

89. The policies and practices of DETROIT directly and proximately led to the injuries PLAINTIFF suffered at the hands of DEFENDANTS.

90. As a direct and proximate result of said Constitutional violations, PLAINTIFF suffered loss of freedom, mental anguish, pain and suffering,

loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present, and future.

**WHEREFORE**, PLAINTIFF prays for:

a. Compensatory non-economic and economic damages that may be proven at trial to compensate PLAINTIFF;

b. Exemplary/Punitive damages as may be proven at trial;

c. Reasonable attorney fees, costs, and interest pursuant to 42 U.S.C. §1988; and,

d. Such other and further relief as appears reasonable and just under the circumstances.

Dated: August 25, 2023

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI  48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
**Attorney for PLAINTIFF**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAQUAN P. JAMES,
    an individual,
        Plaintiff,

V

CITY OF DETROIT
a municipal corporation,

BRITTANY MOSS,
City of Detroit Police Officer,
Individually, and in her Official Capacities, and

MARKALA MOORE,
City of Detroit Police Officer,
Individually, and in her Official Capacities, and

DEANDRE WILLIAMS,
City of Detroit Police Officer,
Individually, and in his Official Capacities, and

DAMARIO ELLIOTT-GLENN,
City of Detroit Police Officer,
Individually, and in his Official Capacities,

ALLEN WILLIAMS,
City of Detroit Police Sargeant,
Individually, and in his Official Capacities.
and

       Defendants.

Case No. 2:23-cv-10321
Hon. Denise Page Hood

**DEMAND FOR TRIAL BY JURY**

_____

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, Daquan P. James hereby demands a trial by jury.

Dated: August 25, 2023

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI  48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com