## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DAQUAN P. JAMES,**

      Plaintiff,                              Hon. Denise P. Hood
                                                Case No. 23-10321

  v.

**CITY OF DETROIT, BRITTANY MOSS,**
**MARKALA MOORE, DEANDRE WILLIAMS,**
**DAMARIO ELLIOTT-GLENN, and ALLEN WILLIAMS,**

      Defendants

_____

**IVAN L. LAND, SR (P-65879)**
25900 Greenfield, Rd., Ste. 210
Oak Park, MI 48237
(248) 968-4545
Ill4law@aol.com

**CALVERT BAILEY (P-42409)**
Attorney for Defendants
2 Woodward Ave., Ste. 500
Detroit, MI  48226
(313) 237-3004
bailc@detroitmi.gov

_____   _____/

## DEFENDANTS CITY OF DETROIT, BRITTANY MOSS, MARKALA MOORE, DEANDRE WILLIAMS, DAMARIO ELLIOTT-GLENN,   AND ALLEN WILLIAM'S MOTION FOR SUMMARY JUDGMENT

**NOW COMES** Defendants City of Detroit, Brittany Moss, Markala Moore,

Deandre Williams, Damario Elliott-Glenn, and Allen Williams, by and through their

undersigned attorney and move this Honorable Court for Summary Judgment pursuant to F.R.C. P. 56.

1. That Plaintiff Daquan P. James filed an Amended Complaint against Defendants on August 25, 2023.

2. That Plaintiff alleges violations of their federal civil rights pursuant to 42 USC 1983.

3. That Plaintiff alleges that he was unlawfully searched, seized, and subjected to excessive force when Defendants were conducting a business inspection.

4. That there was probable cause for the arrest of Plaintiff.

5.  That Plaintiff has failed to state a claim upon which relief can be granted against Defendants.

7. That there remains no genuine issue as to any material fact.

8. That Defendants are entitled to summary judgment as a matter of law.

9. That Plaintiff's concurrence was sought through telephone contact with his attorney on August 25, 2025 and could not be obtained.

**WHEREFORE,** Defendants respectfully request this Honorable Court grant their Motion for Summary Judgment and enter an Order dismissing Plaintiff's Complaint with prejudice as to these Defendants.

Respectfully submitted,

 /s/Calvert Bailey    
**CALVERT BAILEY (P-42409)**
Attorney for Defendants
2 Woodward Ave., Ste. 500
Detroit, Michigan  48226
Dated: August 25, 2025         bailc@detroitmi.gov

## <u>TABLE OF CONTENTS</u>

1. Motion for Summary Judgment

2. Index of Authority

3. Concise Statement of Questions Presented

4. Statement of Material Facts Not in Dispute

5. Brief In Support

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Abdur'Rahman v Colson*, 649 F3d 468, 474 (6th Cir., 2011)

*Anderson v Creighton, 483 U.S. 635; 107 S. Ct. 3034; 97 L. Ed. 2d 523 (1987*

*Anderson v Liberty Lobby, 477 U.S. 242, 91 L.Ed.2d 202, 106 S. Ct 2505 (1986),*

*City of Canton v. Harris*, *489 U.S.378, 109 S.Ct. 1197, 103 L.Ed.2d 412, 57 U.S.L.W. 4270 (1989)*

*Coletex Corp. v Cattnett, 477 US 317 (1986)*

*D'Amborsio v. Marino,* 747 F.3d 378, 389-90 (6th Cir. 2014)

*Davey v Tomlinson, 627 F. Supp. 1455, 1465 (1986);*

*Davis v Scherer, 486 U.S. 183; 104 S. Ct. 3012; 82 L. Ed. 2d 139 (1984)*

*Dominige v Telb, 831 F.2d 673 (1987)*

*Donta v. Hooper, 774 F.2d 716 (1985)*

*Harlow v Fitzgerald, 457 U.S. 800; 102 S.Ct.2727 (1982)*

*Holt v Artic, 843 F.2d 242 (1988)*

*Jamison v. Collins,* 291 F.3d 380, 387 (6th Cir., 2002)

*Jaroslawicz v Seedman*, *528 F. 2d 727 (2d Cir. 1975)*

*Johnson v. Bell,* 525 F.3d 466, 475 (6th Cir., 2008)

*Kennedy v City of Cleveland, 797 F.2d 199 (1986).*

*Lebate v. Butts, 673 F. Supp. 887, 892 (E.D. Mich, 1987).*

*Lozo v. Lynch*, *625 F.Supp. 850 (D.Conn. 1986)*

*Malley v Briggs, 106 S. Ct. 1092 (1986).*

*Meredith v Hardy*, 554 F.2d 764 (5th Cir. 1977).

*Mitchell v. Forsyth, 472 U.S. 511; 105 S. Ct. 2806; 86 L. Ed. 2d 411 (1985)*

*Moldowan v City of Warren,* 570 F. 3d 698 (6th Cir. 2009)

*Monell v. New York City Dept. of Social Services*, *436 U.S. 658, 56 L.Ed.2d 611, 98 S.Ct. 2018 (1978)*

*Oklahoma City v. Tuttle*, 471 U.S. 808, 85 L. Ed.2d 791, 105 S.Ct. 2427 (1985)

*Pearson v Callahan, 555 U.S. ___, No. 07-751 (January 21, 2009)*

*Poe v Haydon, 853 F.2d 418 (1988)*

*Robinson v. Bibb, 840 F.2d 349 C.A. 6, 1987).*

*Rainer v Lis, 16 F.3d 1221, 1994 WL 33969, at *3 (6th Cir. 1994)*

*Robinson v. Via, 821 R.2d 913, 920-921 (C.A. 2, 1987).*

*Saucier v Katz, 533 US. 194, 121 S. Ct. 2151, 150 L. Ed.2d 272 (2001)*

*Street v J.C. Bradford & Co., 886 F.2d 1472 (6th Cir. 1989)*

*Summers v Leis, 368 F.3d 881, 886 (6th Cir. 2004)*

*42 U.S.C. §1983*

*Fed.R.Civ.P 56*

## CONCISE STATEMENT OF QUESTIONS PRESENTED

I.      WHETHER OR NOT PLAINTIFF CAN SHOW THAT ANY SUCH RIGHTS GUARANTEED BY THE U.S. CONSTITUTION WERE VIOLATED PURSUANT TO AN UNCONSTITUTIONAL MUNICIPAL POLICY.

II.     WHETHER THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED GOOD FAITH IMMUNITY FROM PLAINTIFF'S FEDERAL CLAIMS UNDER 42 USC 1983

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DAQUAN P. JAMES,**

      Plaintiff,

    v.

**CITY OF DETROIT, BRITTANY MOSS,**
**MARKALA MOORE, DEANDRE WILLIAMS,**
**DAMARIO ELLIOTT-GLENN, and ALLEN WILLIAMS,**

      Defendants

Hon. Denise P. Hood
Case No. 23-10321

_____

**IVAN L. LAND, SR (P-65879)**
25900 Greenfield, Rd., Ste. 210
Oak Park, MI 48237
(248) 968-4545
Ill4law@aol.com

**CALVERT BAILEY (P-42409)**
Attorney for Defendants
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3004
bailc@detroitmi.gov

_____   _____/

## BRIEF IN SUPPORT

    **NOW COMES** Defendants City of Detroit, Brittany Moss, Markala Moore, Deandre Williams, Damario Elliott-Glenn, and Allen Williams, by and through their undersigned attorney and in support of their Motion for Summary Judgment states as follows:

## STANDARD OF REVIEW:

In accordance with FRCP 56, any party may move for summary judgement on the ground there is no genuine issue of fact, and when as a consequence, the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Anderson v Liberty Lobby, 477 U.S. 242 (1986).*

Not every issue of fact or conflicting inference, however, presents a genuine issue of material fact requiring denial of an FRCP 56 summary judgment motion. *Anderson supra.* Instead, the substantive law governing the case will determine what issues are material. *Street v J.C. Bradford & Co., 886 F.2d 1472 (6th Cir. 1989).* The party opposing an FRCP 56 motion must also present more than a mere scintilla of affirmative evidence to establish a material factual dispute. *Street v J.C. Bradford & Co.,* Id. A simple showing of some degree of metaphysical doubt regarding the material facts is insufficient. Street v J.C. *Bradford & Co., Id.*

## Background

The Vice Enforcement Unit received a list of sexually oriented business that needed to be inspected for compliance before April 15, 2022 in order for a 2022-2023 Sexually Oriented Business License to be issued. The list was generated by the City of Detroit Building, Safety, Engineering, and Environment Department (BSEED). The location of 18523 Schoolcraft was on that list.

On March 16, 2022, Vice Enforcement Officers Demario Elliott-Glenn and Christian Earl announced their presence at the location to attempted to conduct a business inspection at 18523 Schoolcraft but were denied entry. On March 18, 2022, Sgt. Williams attempted to make contact by phone with the business but it was closed.

On March 21, 2022, at approximately 3:15 p.m., Sgt. Allen Williams, Police Officers Markalya Moore, Brittany Moss, Damario Elliott-Glenn, and DeAndre Williams, all members of Vice Enforcement, were at the location of 18523 Schoolcraft (Farm Boy Novelty Store). The Officers were conducting an undercover operation to gain entry to the business for the purpose of conducting a business inspection. Officers Moore and Moss entered the location in plain clothes undercover. Officers Moore and Moss upon entry detected a strong odor of marijuana, observed a black female exiting a back room  with suspected  sticking out of her jacket pocket. The Officers also observed Plaintiff with a handgun in his waistband. The Officers relayed to Sgt. Williams that they were inside and their observations. Sgt. Williams called Plaintiff to inform him that officers were coming to conduct a business inspection. Officers Moore and Moss observed Plaintiff looking at his security cameras. When Plaintiff saw Officers Elliott-Glenn, Earl, and D. Williams at the front door, he and an individual identified as Tony Towns went to the rear of the store closing inside doors.

Off. Elliott-Glenn hearing a commotion between Plaintiff and Off. Moss and fearing for her safety, forced entry in the front door. Offs. Elliott-Glenn and D. Williams attempted to detain Plaintiff who actively and aggressively resisted. After getting Plaintiff detained and disarming him, Plaintiff was placed under arrest for resisting and obstructing and Violation of Controlled Substance Act (VCSA) for possession of 5669 grams of marijuana and 330 of THC edibles.

Mr. Towns who attempted to flee out the back was arrested for CCW and VSCA for possession of brass knuckles, mushrooms, marijuana, and oxycodone pills. Mr. Towns was conveyed to Sinai-Grace Hospital complaining of back pain before being booked at the Detroit Detention Center. Plaintiff was conveyed to the Detroit Detention Center. The charges against Plaintiff were dismissed without prejudice at the preliminary examination.

## ARGUMENT

**I.      THE CITY OF DETROIT IS NOT LIABLE FOR ANY ALLEGED VIOLATION OF RIGHTS PROTECTED BY THE U.S. CONSTITUTION BECAUSE THE PLAINTIFF CANNOT SHOW THAT ANY SUCH RIGHTS WERE VIOLATED PURSUANT TO AN UNCONSTITUTIONAL MUNICIPAL POLICY.**

The City of Detroit cannot be held vicariously liable under Section 1983 for an alleged violation of rights protected by the U.S. Constitution.  Monell v New York City Dept. of Social Services, 436 US 658 (1978).  Rather, a Plaintiff must plead and

prove that his injury was caused by action taken "pursuant to official municipal policy of some nature." _Monel_ v _New York City_ _Dept. of Social Services, ID at 691._ In _Oklahoma City v Tuttle, 471, US 808, 85 L Ed2d 791, 105 S.Ct 2427 (1985)_ the Supreme Court held that the mere occurrence of a constitutional violation of an officer of a municipality is insufficient to show the existence of a municipal policy underlying the violation.

A plaintiff who seeks to impose Section 1983 liability upon a municipality is required not merely to allege in conclusory terms the existence of a wrongful policy but to set "forth facts showing the existence of the offending custom or policy." _Lozo_ v _Lyncy, 625 F Supp 950, 953 (D. Conn 1986)._  _Monel_ did not create a no-fault system of municipal liability for constitutional violations.  That is to say, a municipal policy or custom must itself be wrongful before it can serve as the basis for municipal liability.

The Supreme Court held in _City of Canton_ v _Harris, 489 US 378 (1989)_, that a failure to train its police officers can give raise to municipal liability"  only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact ...  Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality - a 'policy' as defined by our prior cases - can a city be liable for such failure under Sec. 1983."  103 L Ed.2d at 426, 427.

It is because of this faulty element of a municipal liability under Sec. 1983 that a plaintiff is required to identify the wrongful policy or custom underlying the alleged constitutional violation, not merely allege the existence of such a policy or custom in conclusory terms:  a Plaintiff cannot point to a wrongful policy or custom without identifying that policy or custom.

Plaintiff simply alleges that the officers deprived him of his rights pursuant to an inadequate policy of the City of Detroit.  The mere allegation of constitutional deprivation without legal or factual support will not withstand a Motion for Summary Judgment.  *Coletex Corp. v Cattnett, 477 US 317 (1986).*

Thus, Plaintiff fails to make a showing sufficient to establish the existence of an essential element, i.e., the alleged unconstitutional policy of the City of Detroit.

With reference to Fed.R.Civ.P.56, it is significant that the issue raised in the motion goes to the Plaintiff's case in chief rather than an affirmative defense and that the Plaintiff accordingly bears the burden of proof of that issue.  In *Coletex Corporation v Cattnett, 477 U.S. 317, 91 L.Ed.2d 265, 106 S. Ct 2548 (1986),* the Supreme Court noted that:

> **...the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party, who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden**

**of proof at the trial.  In such a case there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is 'entitled to judgment as a matter of law' sufficient showing on an essential element of her case with respect to which she has the burden of proof.' [T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...' [cite omitted] 91 L.Ed2d at 273-274.**

The Court accordingly held that there is 'no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar material negating the opponent's claim "nothing that" [o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses..." Id. at 274.  The *Coletex* holding was followed and developed in *Anderson v Liberty Lobby, 477 U.S. 242, 91 L.Ed.2d 202, 106 S. Ct 2505 (1986),* decided the same day as Coletex.  In *Anderson* the Court emphasized that not just any issue of fact is sufficient to avoid summary judgment.  Rather, the issue must be both material and genuine.  A fact issue is material only if' it might affect the outcome of the suit under the governing law."  477 U.S. 248.  "Factual disputes that are irrelevant or unnecessary will not be counted."  Id.  A fact issue is genuine only if "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." Id.   The Court pointed out that this standard

mirror the standard for a directed verdict under Federal Rule of Civil Procedure (50

(a)" Id. at 250.  It is defined that standard by quoting *from Improvement Co.*

*v Munson, 14 Wall 442, 20 L.Ed.967 (1872):*

> **Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a charter that it would warrant the jury in finding a verdict in favor of that party.  Formerly it was held that if there was what is called a <u>scintilla</u>, of evidence in support of a case the judge was bound to leave it to the jury, but recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.**

This motion, then, is essentially a challenge to the Plaintiff, now that

discovery is closed, to marshal his evidence and show that he has a case that can be

submitted to a jury. In the absence of any such evidence, summary judgment is

appropriate.

## II.    THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED GOOD FAITH IMMUNITY FROM PLAINTIFF'S FEDERAL CLAIMS UNDER 42 USC 1983

The doctrine of qualified immunity holds that "governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Saucier v Katz, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed.2d 272 (2001) and Harlow v Fitzgerald, 457 U.S. 800; 102 S. Ct. 2727; 73 L. Ed. 2d 396 (1982).*

The U.S. Supreme Court, in the case *of Pearson v Callahan, 555 U.S. 223, 129 S.Ct.808 172 L.Ed. 2d 565 (2009)*, has recently decided that the lower courts have the discretion to decide whether to apply the two step analysis of <u>Saucier</u> to decide if qualified immunity is applicable. The two step analysis of <u>Saucier</u> consisted of an analysis of qualified immunity through a two part test. Part one of the test was in a light most favorable to the party alleging injury, did the officers violate a constitutional right. Part two of the rest was if the answer to part one was in the affirmative, was the constitutional right clearly established?  For purposes of this motion, we have applied the *Saucier t*est.

There must be an objective analysis of the officers' action in light of the facts known in determining whether an officer is entitled to qualified immunity.  <u>Id</u>. Subjective factors of the officer's subjective state of mind such as bad faith or malice may not be considered and are irrelevant to the determination of the officers'

immunity.  Id.; *Holt v Artic, 843 F.2d 242 (1988); Davey v Tomlinson, 627 F. Supp. 1455, 1465 (1986)*); *Malley v Briggs, 106 S. Ct. 1092 (1986).*

The resolution of the issue of whether the Defendants' conduct violated clearly established law is purely a matter of law for the court to determine.  *Donta v. Hooper, 774 F.2d 716 (1985)*; *Dominige v Telb, 831 F.2d 673 (1987).*

A plaintiff seeking damages against a government official should normally include in his original complaint all of the factual allegations necessary to sustain a conclusion that his constitutional rights were violated, and also that these rights are so clearly established when the acts were committed that any officer in the defendants' position, measured objectively would have clearly understood that he was under an affirmative duty to have refrained from such conduct.  *Anderson v Creighton, 483 U.S. 635; 107 S. Ct. 3034; 97 L. Ed. 2d 523 (1987); Poe v Haydon, 853 F.2d 418 (1988); Dominique v Telb, 831 F.2d 673 (C.A. 6. 1987).*  A plaintiff's failure to do so precludes him from proceeding further, even from engaging in discovery, since the plaintiff has failed to allege acts that are outside the scope of the defendant's immunity.  *Kennedy v City of Cleveland, 797 F.2d 199 (1986).*

Since the standard is the objective reasonableness of the officer's conduct, even defendants who violate constitutional rights enjoy a qualified immunity that protects them from liability "unless it is demonstrated that their conduct was

unreasonable under the objective applicable standard. *Davis v Scherer, 486 U.S. 183; 104 S. Ct. 3012; 82 L. Ed. 2d 139 (1984).*

A defendant may properly challenge the sufficiency of the complaint under F.R.C.P. 12 (B) (6), on the basis that he was entitled to qualified immunity because the facts pleaded would not show that his conduct violated clearly established law of which a reasonable person would have known at the time. Dominique, supra at 831 F.2d 677. A defendant may also raise the issue on motion for summary judgment. Id.

In *Anderson v. Creighton,* supra, the court held that whether an official protected by qualified immunity may be held personally liable for an alleged unlawful official action generally turns on the objective legal reasonableness of the action assessed in light of the legal rules that were clearly established' at the time it.

In determining whether the law was clearly established, the court must look to federal constitutional, statutory and case law existing at the time. *Poe, supra, 853 F.2d 424; and Dominique, supra at 831 F.2d 677.* The key focus will be on the United States Supreme decisions and cases in this circuit (Sixth Circuit Court of Appeals) and then decisions from other circuits. See *Robinson v. Bibb, 840 F.2d 349 C.A. 6, 1987).*

There are a number of ways in which a defendant official may establish a defense of qualified immunity under Section 1983. *Robinson v. Via, 821 R.2d 913, 920-921 (C.A. 2, 1987).*

Even if the interest asserted by plaintiff was clearly of a type generally protected by federal law, the defendant is entitled to immunity as a matter of law if it was not clear at the time of the acts "that an exception did not permit those acts." Id. For example, In *Mitchell v. Forsyth, 472 U.S. 511; 105 S. Ct. 2806; 86 L. Ed. 2d 411 (1985),* the United States Attorney General was held entitled to qualified immunity from a suit seeking damages for a warrantless wiretap because, although an individual's right to be free of intrusions was well established, there was, at the time of the challenged wiretap, a legitimate unresolved question as to the existence of national-security exception permitting such a wiretap.  See Id. at 86 L. Ed. 2d 431-435, n. 12.  If the contours of the plaintiff's federal rights and the police officer's permissible actions were clearly delineated at the time of the acts complained of, a police officer may enjoy qualified immunity if it was objectively reasonable for him to believe that his acts did not violate these rights.  Id.  This route focuses on the particular facts of the case and inferences and if it can be concluded that it was objectively reasonable for a police officer to believe that his acts did not violate those rights, then the officer is entitled to the defense.  For example, it has long been established that an arrest without probable cause is a constitutional violation.

Nonetheless, the arresting officer is entitled to qualified immunity if the undisputed facts and all permissible inferences favorable to the plaintiff show either (a) that it was objectively reasonable for the officer to believe that probable cause existed, or (b) that officers of reasonable competence could disagree as to whether probable cause existed. *Malley v. Briggs, 475 U.S. 335; 106 S. Ct. 1092, 1096; 89 L. Ed. 2d 271 (1986).*

In applying the *Harlow* test the court will ask whether another officer standing in the officer's shoes and having the same information would reasonably have come to the conclusion that they had probable cause to arrest. See also*, Lebate v. Butts, 673 F. Supp. 887, 892 (E.D. Mich, 1987).*

In this case, the Officers were conducting a business inspection authorized by Detroit City Ordinance 5-12-4. The inspection turned into an investigation upon the plain view of contraband on the premises. Plaintiff attempted resist and obstruct the inspection and investigation and was in possession of contraband, (See Attached Affidavits and Search Warrant). The Officers used necessary force to effect the arrest. Thus, probable cause existed for the arrest of Plaintiff.

## **CONCLUSION:**

In the instant matter, the Plaintiffs failed to present a genuine issue of material fact for resolution by the trier of fact. There is no liability in this case as against Defendant City as plaintiff has failed to establish, as a matter of policy, custom, or

practice that the City of Detroit has employed or adopted any unconstitutional customs, policies or practices. Summary judgment is proper absent a specific claim or showing of a custom policy or practice which leads to deprivation of a constitutional protected that a plaintiff alleges. *City of Canton v Harris, 498 U.S. 376 (1989).*

The individual defendants have qualified immunity because the defendant officers acted in good faith and their actions did not violate clearly established rights guaranteed by the U.S. Constitution. Therefore, Defendants are entitled to summary judgment as a matter of law.

## <u>RELIEF REQUESTED</u>

Wherefore, Defendants respectfully request that this Honorable Court grant their Motion for Summary Judgment and dismiss the Plaintiff's lawsuit with prejudice.

Respectfully submitted,

/s/Calvert Bailey
**CALVERT BAILEY (P-42409)**
Attorney for Defendants
2 Woodward Ave., Ste. 500
Detroit, Michigan 48226
bailc@detroitmi.gov

Dated: August 25, 2025